**Barry ALLAIRE and Rosalie Allaire, Plaintiffs,**

v.

**UNITED STATES TRUST COMPANY OF NEW YORK, Executor of the Estate of Phillip M. Childs, and John Randal McDonald, Defendants.**

**Civ. No. 78/172.**

District Court, Virgin Islands, D. St. Croix.

Oct. 24, 1979.

Joseph L. Costello, Christiansted, St. Croix, V. I., for plaintiffs.

Joel H. Holt, O'Brien & Moore, Christiansted, St. Croix, V. I., for defendant United States Trust Co. of New York.

John B. Nichols, Christiansted, St. Croix, V. I., for defendant John Randal McDonald.

## MEMORANDUM OPINION

WARREN H. YOUNG, District Judge.

On June 8, 1979, this Court granted summary judgment in favor of one of the defendants herein, United States Trust Co. Plaintiffs moved to set aside that summary judgment in reliance on Fed.R.Civ.P. 59 and 60(b)(6). Although Rule 59 does not apply because there has been no trial and Rule 60(b)(6) does not apply because there is no final judgment within the meaning of Rule 54, the motion will be treated as if made pursuant to Fed.R.Civ.P. 54(b), under which the order of summary judgment is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." The matter was taken under advisement upon the memoranda of the parties and without oral argument.

Phillip Childs owned a house which he rented to the plaintiffs. In the corner of the porch off a bedroom of the house is a rectangular opening through the floor. This opening is a designed feature of the home. Childs showed the plaintiffs the home before they rented it, at which time Childs brought the existence of the opening to their attention and pointed out that he had had several large flower pots placed around the opening, apparently out of concern for its potential danger. The plaintiffs agreed to rent the home, and they entered into an agreement with Childs containing the following relevant terms:

> "Owner will be responsible for major and/or structural repairs . . . Tenants have examined the property and acknowledge that they are satisfied with the present physical condition of the premises."

More than a year after taking possession, Plaintiff Barry Allaire fell through the opening and was injured, for which he brought this action for damages.

■ By virtue of 1 V.I.C. Sec. 4, the *Restatement (Second) of Torts* and *Restatement (Second) of Property* provide the rules of law applicable to this case. The plaintiffs contend that the *Restatement (Second) of Torts*, Sec. 357 should have prevented summary judgment. That section deals with the situation present here, where the landlord covenants to make repairs. However, covering or barring access to the opening here at issue would be an improvement or alteration in design, and not a repair. Hence, Sec. 357 is not applicable.

■ Plaintiffs also contend that *Restatement (Second) of Torts*, Sec. 362 applies. That section deals with negligent repairs by a landlord while the lessee is in possession. Even if the Court were to hold, as plaintiffs assert, that the placing of flower pots around the opening was a negligent repair, Sec. 362 does not apply because that action was taken before plaintiffs entered into possession.

This leaves plaintiffs' contention that the existence of the opening, and Childs' failure to prevent access to it, was a breach of the implied warranty of habitability subjecting Childs to tort damages resulting from the breach. However, it appears that the allegedly defective opening has nothing to do with the habitability of the home. The opening is in the corner of the porch, certainly not a crucial part of the home. If there were no porch at all, the home would not be substandard or uninhabitable. Many state courts have defined the implied warranty of habitability as meaning "there are no latent defects in the facilities *vital* to the use of the premises for residential purposes and that these *essential* facilities will remain during the entire term in a condition which makes the property livable." (*Kline v. Burns*, 111 N.H. 87, 276 A.2d 248, 252 (1971) (Emphasis added): *See also Marini v. Ireland*, 56 N.J. 130, 265 A.2d 526, 534 (1970); *Kamarath v. Bennett*, 568 S.W.2d 658, 661 (Tex.1978).)

Because the porch itself is not vital to the use of the home for residential purposes, the alleged defect in the porch, the opening, did not violate the implied warranty of habitability. Such a defect is not covered by the implied warranty.

This exhausts the plaintiffs' contentions in support of its motion to set aside the summary judgment. The Court is satisfied that summary judgment was properly granted in favor of the U. S. Trust Company, and the plaintiff's motion will be denied.